**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4148**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ERIC EZEKIAL HUTCHINSON, a/k/a Carl Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:13-cr-00328-NCT-1)

Submitted:  November 17, 2016          Decided:  November 21, 2016

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY, PC, Winston-Salem, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Ezekial Hutchinson appeals his conviction and 43-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, counsel for Hutchinson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but addressing the validity of Hutchinson's plea and sentence. Hutchinson did not file a supplemental pro se brief, and the Government elected not to file a response to the Anders brief. We affirm the district court's judgment.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge to which the plea is offered, the penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 119-20. We conclude that the district court correctly found Hutchinson's plea knowing and voluntary and that Hutchinson has not established plain error in his Rule 11 hearing.

2

Turning to Hutchinson's sentence, we review a sentence for procedural and substantive reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. We presume on appeal that a sentence within the properly calculated Guidelines range, as here, is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Upon review, we discern no procedural or substantive sentencing error by the district court. Without objection, the district court correctly calculated Hutchinson's offense level, criminal history, and advisory Guidelines range. The court afforded the parties an adequate opportunity to present arguments concerning the appropriate sentence and provided Hutchinson an opportunity to allocute. Finally, the court provided an adequate, individualized explanation for the within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

therefore affirm the district court's judgment. This court requires that counsel inform Hutchinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Hutchinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hutchinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED